UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IOTTIE INC. and HSM CO., LTD.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**MERKURY INNOVATIONS,**<br><br>**Defendant.** | Civ. No. 2:15-cv-6597-KM-JBC<br><br>**OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

I awarded summary judgment to defendant Merkury Innovations in this patent infringement case. Now before the court is Merkury's motion for an award of attorney's fees pursuant to 35 U.S.C. § 285. (ECF No. 94). For the reasons expressed herein, I do not find the case to be exceptional, and the motion is therefore denied.

The relevant statute, 35 U.S.C. § 285, permits an award of attorney's fees to the prevailing party in a patent case that is "exceptional." An exceptional case is one "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The issue calls for an exercise of the court's discretion, based on the totality of the circumstances of the individual case. Factors to be considered include "frivolousness, motivation, objective unreasonableness ... and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6.

1

## I. PROCEDURAL HISTORY

As I write solely for the parties, familiarity with the history of the matter is assumed.

This case was filed in September 2015. (ECF No. 1). On December 22, 2015, iOttie moved for entry of default, which was granted. (ECF No. 9). Merkury moved to vacate the clerk's entry of default. (ECF No. 11). That motion was granted on February 23, 2016. (ECF No. 12).

Merkury filed for summary judgment on June 23, 2017. (ECF No. 65). Merkury and iOttie submitted an amended joint claim construction and prehearing statement on November 7, 2017. (ECF No. 87). On December 29, 2017, I issued an opinion and order granting Merkury's motion for summary judgment. (ECF Nos. 92, 93). On January 26, 2018, Merkury filed the motion for attorney's fees that is now before the Courty. (ECF No. 94).

## II. DISCUSSION

Merkury argues that iOttie's claim-construction arguments were frivolous and unreasonable, and also that iOttie's litigation conduct led to unnecessary costs. Merkury seeks an award of attorney's fees on these grounds.

### A. Claim Construction

Under the totality of the circumstances, iOttie's proposed claim-construction arguments were not so unreasonable as to necessitate an award of attorney's fees. At the summary judgment stage, iOttie proposed that the term "for fixing or moving" should be construed as:

> [A] knob and hole (or structure which is an *insubstantial change* from a knob and hole) which provides for *fixing* a bracket in place if force applied is not sufficient to overcome friction sufficient to overcome friction force holding the bracket, and which also enables *moving* a bracket if the force applied is sufficient to overcome friction force holding the bracket.

*iOttie Inc. v. Merkury Innovations*, No. 15-cv-6597, 2017 WL 6643834, at *8 (D.N.J. Dec. 29, 2017). I found that this proposed construction did not arise

2

from the "ordinary and customary meaning" of the phrase "for fixing or moving." *Id.* at *9. I thus adopted Merkury's proposed construction—i.e., "for fastening into place or allowing to be moved." *Id.* This proposed construction was not so frivolous or objectively unreasonable to compel the imposition of attorney's fees. And even when I adopted Merkury's proposed claim construction, iOttie raised genuine, colorable issues on two of the three prongs of the function-way-result test. *Id.* at *11-13. This suggests that iOttie's position was no so unreasonable to be deemed frivolous.

I saw no evidence of untoward motive, apart from iOttie's general motivation to obtain an award of damages. Nor is there a showing of bad faith or intent to harass. Declining to impose attorney's fees here would not likely embolden others or embolden iOttie to continue this litigation. iOttie also does not appear to be a repeat player in bringing such patent claims.

### B. Litigation Behavior

I do not find, based on the totality of circumstances, that iOttie engaged in such unreasonable litigation conduct that an award of attorney's fees is appropriate. Merkury alleges that iOttie failed to timely prosecute the case, harassed Merkury and its customers, refused to avoid unnecessary litigation costs, and failed to attempt any good faith settlement negotiations—even though the costs of litigation would exceed any potential recovery. (ECF No. 94-1, pp. 16-29). For instance, counsel for iOttie failed to bring a representative of the company to a court-ordered settlement conference; iOttie, however, has already been sanctioned for this. iOttie also wrote to the organizers of a consumer electronics show in an attempt to have Merkury's product removed from the exhibition. iOttie issued a subpoena to Groupon, one of Merkury's customers, during a stay of discovery—and without notice to Merkury. iOttie also opposed a stay while summary judgment was pending; Merkury claims that this led to unnecessary litigation costs. iOttie responds that Merkury mischaracterizes many of these instances, and does not mention its own behavior.

3

Merkury also argues that iOttie should have agreed to their settlement terms or offered settlement terms. However, Merkury points to no legal authority that a party has a duty to engage in settlement discussions.

Overall, Merkury posits that iOttie should have settled the case quickly or avoided litigation costs because, according to Merkury, iOttie had a weak case. As stated in subsection II.A, *supra*, I agree that iOttie's position was weak, but I decline to find that iOttie's litigation position was frivolous or objectively unreasonable. I also do not find that iOttie litigated in bad faith or purposefully attempted to increase litigation costs. iOttie could have made decisions that would have lowered the costs of litigation. But the record does not show such egregious behavior that an award of attorney's fees is appropriate.

### III. CONCLUSION

For the foregoing reasons, Merkury's motion for attorney's fees is denied. An appropriate order accompanies this opinion.

Dated: July 16, 2018

**KEVIN MCNULTY**
**United States District Judge**